# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

EMANUEL ANGELO TUGGERSON,
    Petitioner,

v.                                          Case No. 5:25-cv-37-KKM-PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.

_____

## ORDER

Tuggerson, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 16), and the reply, (Doc. 17), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

**I.   BACKGROUND**

An indictment charged Tuggerson with two counts of first-degree felony murder. (Doc. 16-1 at 4–5.) After a jury found him guilty of the crimes, (Doc. 16-1 at 11), the trial judge sentenced Tuggerson to two concurrent sentences of life in prison. (Doc. 16-1 at 13–17.) The state

appellate court per curiam affirmed Tuggerson's convictions and sentences. (Doc. 16-1 at 128.)

The postconviction court dismissed as untimely Tuggerson's motion under Florida Rule of Criminal Procedure 3.800(c) to mitigate his sentence, (Doc. 16-1 at 141–42), and denied his motion for reconsideration. (Doc. 16-1 at 148.) On August 21, 2023, Tuggerson, through counsel, filed a motion for extension of time to file a motion under Florida Rule of Criminal Procedure 3.850 for postconviction relief. (Doc. 16-1 at 150–52.) The postconviction court did not rule on the motion for extension of time, and counsel did not file a Rule 3.850 motion.

## II.  **LEGAL PRINCIPLES**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the § 2244(d)(1), a federal habeas petitioner has one year to file a § 2254 petition. This one-year limitation starts running from the latest of:

>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B)  the date on which the impediment to filing an application created by State action in violation

2

        of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitation tolls while a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

## III. ANALYSIS

### A. Time Bar

The state appellate court per curiam affirmed Tuggerson's prison sentences on July 27, 2021. (Doc. 16-1 at 128.) His convictions became final on October 25, 2021, upon expiration of the 90-day period to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The one-year AEDPA limitation period began running the next day, October 26, 2021.

On October 29, 2021, Tuggerson filed a Rule 3.800(c) motion (Doc. 16-1 at 132–39), and the postconviction court dismissed the motion as untimely. (Doc. 16-1 at 141–42.) Because the motion was not properly filed, the motion did not toll the one-year limitation. *Jones v. Sec'y, Fla. Dep't Corrs.*, 906 F.3d 1339, 1350 (11th Cir. 2018) ("[T]he state court ruled that the Rule 3.850 Motion was untimely, and we are required to defer to that ruling. That necessarily means that the motion wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations." (citations omitted)).

Tuggerson filed a motion for reconsideration, (Doc. 16-1 at 144–46), and the postconviction court summarily denied the motion without any explanation. (Doc. 16-1 at 148.) Because the Rule 3.800(c) motion was untimely and did not toll the limitation, the motion for reconsideration, which also requested relief under Rule 3.800(c), did not toll the limitation. *Jones*, 906 F.3d at 1350.

The AEDPA limitation period therefore expired on October 26, 2022. Accordingly, Tuggerson's federal habeas petition, filed on January 10, 2025, (Doc. 1), is untimely under § 2244(d)(1)(A).

Tuggerson's motion for an extension of time to file a Rule 3.850 motion did not toll the limitation. The motion was filed on August 21, 2023, (Doc. 16-1 at 150–52), after the limitation expired. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline [for filing a federal habeas petition] has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it."). Also, the motion was not an "application for State postconviction or other collateral review." 28 U.S.C. § 2244(d)(2). *Howell v. Crosby*, 415 F.3d 1250, 1251 (11th Cir. 2005) ("It is undisputed that Howell's motion for an extension of time did not meet the criteria of § 2244(d)(2) as 'a properly filed application' for postconviction relief." (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

### 1. Timeliness Under § 2244(d)(1)(B)

In his reply, Tuggerson contends that the limitation started to run under § 2244(d)(1)(B), because the postconviction court prevented him from filing a § 2254 petition by refusing to rule on his motion for extension of time to file a Rule 3.850 motion. (Doc. 17 at 8.)

Under § 2244(d)(1)(B), a petitioner must demonstrate "state action that both 'violat[ed] . . . the Constitution or laws of the United States' and

'prevented [the prisoner] from filing' his federal petition." *Johnson v. Fla. Dep't Corrs.*, 513 F.3d 1328, 1332 (11th Cir. 2008) (quoting 28 U.S.C. § 2244(d)(1)(B)).

The postconviction court's failure to rule on the motion for extension of time does not violate federal law. Tuggerson may compel a ruling by filing a mandamus petition in the state appellate court. *Horner v. State*, 236 So. 3d 1177, 1178 (Fla. 5th DCA 2018). *See Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (holding that no procedural due process violation occurs if a state provides a "meaningful postdeprivation remedy"). Also, despite the postconviction court's failure to rule on the pending motion for extension, Tuggerson filed a § 2254 petition to initiate this action. Because Tuggerson fails to demonstrate that the postconviction court's failure to rule on the motion prevented him from filing his federal petition, § 2244(d)(1)(B) does not apply. *Johnson*, 513 F.3d at 1332.

### 2. Timeliness Under § 2244(d)(1)(D)

Tuggerson contends that the claim in Ground One is based on newly discovered evidence and, therefore, the limitation for Ground One started to run when he discovered the new evidence. (Doc. 17 at 8.)

6

Under § 2244(d)(1)(D), the limitation starts "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of a claim is "the underlying 'vital facts' of a petitioner's claim." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014) (citations omitted). "'Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim.'" *Cole*, 768 F.3d at 1155 (citation omitted).

In Ground One, Tuggerson asserts that the trial judge unlawfully amended the indictment by severing a codefendant from his trial. (Doc. 1 at 5.) Also, he asserts that the prosecutor presented "unlawful" testimony to the grand jury. (Doc. 1 at 5.) He contends that he learned about the "unlawful" testimony when the witness testified during trial. (Doc. 1 at 5.) Before the judgment entered in the state criminal case, Tuggerson learned about both the severance of the codefendant and the allegedly "unlawful" testimony before the grand jury. Consequently, § 2244(d)(1)(D) does not apply. *Cole*, 768 F.3d at 1157. *See* § 2244(d)(1)(A) and (d)(1)(D) (commencing the limitation from the latest of either "the date on which the judgment became final by the conclusion of direct review" or "the date

on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

### 3. Miscarriage of Justice

Tuggerson does not argue that he is actually innocent so that a miscarriage of justice excuses the time bar. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that a petitioner's actual innocence, if proven, allows the petitioner to obtain review of his untimely habeas petition). He instead argues that a manifest injustice arose because the trial judge unlawfully amended the indictment by severing a codefendant at his trial. (Doc. 17 at 3–7.) However, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

### 4. Equitable Tolling

Tuggerson asserts that the limitation equitably tolled. (Doc. 17 at 7–10.) Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace*

8

*v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances.").

Tuggerson contends that postconviction counsel requested an extension to file a Rule 3.850 motion and never filed the motion. (Doc. 17 at 8.) He contends that he first discovered that postconviction counsel failed to file a Rule 3.850 motion when another attorney informed him in late 2024. (Doc. 17 at 9.) He contends that abandonment by postconviction counsel justifies equitable tolling. (Doc. 17 at 9.)

Postconviction counsel first entered an appearance in Tuggerson's state criminal case when she filed the motion for extension of time on August 21, 2023. (Doc. 16-1 at 150–52.) The AEDPA limitation period

expired on October 26, 2022. Even if the postconviction court granted the motion for extension of time and postconviction counsel filed a Rule 3.850 motion, Tuggerson's federal petition would still be untimely. *See Sibley*, 377 F.3d at 1204. Also, despite any abandonment by postconviction counsel, Tuggerson filed a § 2254 petition to initiate this action. Tuggerson does not explain why he could not have filed a § 2254 petition in 2022, before the limitation expired.

Consequently, Tuggerson fails to demonstrate both that he acted diligently and that postconviction counsel's abandonment prevented him from timely filing his § 2254 petition. *San Martin*, 633 F.3d at 1267 ("As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in *Holland*, we too have required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition.").

Accordingly, Tuggerson has not shown that equitable tolling is warranted.

### IV. <u>CERTIFICATE OF APPEALABILITY</u>

Tuggerson is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a

COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Tuggerson must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Tuggerson cannot satisfy the second prong of the *Slack* test. As Tuggerson is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Tuggerson's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Tuggerson and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on December 8, 2025.

Kathryn Kimball Mizelle
United States District Judge